IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EAGLES LANDING DAYCARE & LEARNING CENTER, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 1:14-CV-00465-RLV |
| SPARTA INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO COMPEL APPRAISAL AND STAY DISCOVERY**

**COMES NOW**, Defendant SPARTA INSURANCE COMPANY and files this, its Memorandum of Law in Support of its Motion to Dismiss or, in the Alternative, Motion to Compel Appraisal and Stay Discovery, showing this Honorable Court as follows[1]:

**STATEMENT OF FACTS**

Plaintiff has filed suit in this action alleging Breach of Contract and Bad Faith against its insurer, Sparta Insurance Company. (See Complaint). Plaintiff held a policy of insurance with Sparta Insurance Company (hereinafter "Sparta"), policy number 016CP01044. (See Complaint; See Insurance Policy, attached

---

[1] For the sake of brevity, Defendant merely recites the facts of the case germane to this Motion.

hereto as Exhibit "A").  During the term of the insurance policy, Plaintiff suffered a property loss as a result of hail and storm damage.  (See Complaint).  Plaintiff instituted a claim with Sparta for the property loss.  (See Complaint).

During the pendency of the claim, a dispute over the value of the claim arose, and Plaintiff filed suit alleging Breach of Contract and Bad Faith for failure to pay the claim.  Following a second inspection of the premises by an expert engineer, on April 1, 2014 Sparta issued a payment to the insured Plaintiff in the amount of $138,443.68, representing the uncontested portion of the loss. (See Correspondence dated April 1, 2014, attached hereto as Exhibit "B").

The policy at issue contains the following provision:

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  The two appraisers will select an umpire.  If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.  The appraisers will state separately the value of the property and amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.  Each party will:
    a.    Pay its chosen appraiser;
    b.    Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we still retain our right to deny the claim.

(See Exhibit "A", Building and Personal Property Coverage Form, page 9 of 15).

In the same April 15, 2014  correspondence transmitting the undisputed portion of the payment, Defendant indicated to Plaintiff's counsel that the contract required, if a disagreement over the amount of the loss arose, that either party

- 2 -

could make a written demand for appraisal of the loss, that appraisal was the appropriate mechanism to resolve a dispute, and that Plaintiff had not requested the appraisal. (See Exhibit B). On May 15, 2014, Defendant made a formal demand for appraisal, to which Plaintiff has not agreed. (See May 15, 2014 correspondence, attached hereto as Exhibit "C").

## ARGUMENT AND CITATION OF AUTHORITY

"The appraisal process is not merely a prerequisite to filing suit, but the method by which the parties have contractually agreed to settle their differences with regard to the amount of loss." *S. Gen. Ins. Co. v. Kent*, 187 Ga. App. 496 (1988). An insured is "contractually bound to submit to this method of resolving its dispute with defendant over the amount of the loss." *Brothers Generali U.S. Branch*, 1997 WL 57868 (N.D. Ga. 1997)(citing *S. Gen. Ins. Co. v. Kent*). "It is clear, therefore, that plaintiff is not entitled to recover under the policy unless and until the appraisal process has been completed and defendant has failed to make payment in accordance with the appraisal award." *Id.*, at *3. Where a Plaintiff's Complaint fails to state that this has occurred, it fails to state a claim upon which relief can be granted and should be dismissed. *See id.*

Thus, Defendant respectfully requests this Complaint be dismissed, as Plaintiff has not complied with the condition precedent to filing suit of submitting

to the appraisal process. Since this is a case over the value of the claim, appraisal is the proper method by which to resolve the claim.

Should the Court not dismiss Plaintiff's claims, at the very least the Court should issue an Order compelling Plaintiff to comply with the contractually agreed to appraisal process, staying discovery during the pendency thereof. Defendant should not have to expend the time or money on discovery while the contractually agreed to appraisal occurs and, after which, there will almost certainly be no need for discovery.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court either dismiss the suit against Defendant or issue an order compelling Plaintiff to comply with the contractually agreed to appraisal process and stay discovery filing the process.

This 27th day of May 2014.

       **SWIFT, CURRIE, McGHEE & HIERS, LLP**

      By: _/s/ Pamela N. Lee_____
        Pamela Newsom Lee
        Georgia State Bar No. 198981

        Attorney for **Defendant**
        **SPARTA   INSURANCE   COMPANY**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
Pamela.lee@swiftcurrie.com

## CERTIFICATE OF FONT & CERTIFICATE OF SERVICE

I hereby certify that the foregoing documents were prepared in Times New Roman 14-point font in conformance with Local Rule 5.1(c), and that I have served a copy of ***MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM OR, IN THE ALTERNATIVE, MOTION TO COMPEL APPRAISAL AND STAY DISCOVERY*** upon all counsel of record, by electronic filing and/or United States mail, postage prepaid, and properly addressed as follows:

Jeffrey D. Diamond
Law Offices of Jeffrey D. Diamond
3330 Cumberland Blvd., Suite 600
Atlanta, Georgia 30339

Bill L. Voss
Scott G. Hunziker
The Voss Law Firm
The Voss Law Center
26619 Interstate 45
The Woodlands, Texas 77380

This 27th day of May 2014.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   _/s/ Pamela N. Lee_____
Pamela Newsom Lee
Georgia State Bar No. 198981

Attorney for **Defendant**
**SPARTA INSURANCE COMPANY**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
Pamela.lee@swiftcurrie.com