IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **EAGLES LANDING DAYCARE &** | ) | |
| **LEARNING CENTER,** | ) | CIVIL ACTION |
| | ) | NO. 1:14-CV-00465-RLV |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SPARTA INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO MOTION TO ENFORCE APPRAISAL AWARD**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Eagles Landing Daycare & Learning Center, (hereinafter "Plaintiff") and files this, Response in Opposition to Motion to Enforce Appraisal Award. In support of the same, and for the reason set forth below, Plaintiff would show this Honorable Court as follows:

I.

Within the Sparta Insurance Company, (hereinafter "Defendant") motion to Enforce Appraisal, sets forth specific case law and governing authority that shows exactly why the present appraisal determination should be set aside. Specifically, in

1

order to challenge an appraisal award, there must be "evidence of fraud, oppression, irregularity, or unfairness, other than on the disputed issue of value, and no other circumstances pending to raise the issue...." See Bell vs Liberty Mut. Fire Ins. Co., 319 Ga. App. 302 (2012). In the present matter, unfairness would absolutely result if the current appraisal determination was allowed to stand.

II.

Specifically, prior to appraisal being invoked, Plaintiff had submitted damages in the amount of $206,000.00, based upon estimates, evaluations performed by Paramount Claims Solutions. After a follow up inspection by Defendant, it was conceded that additional damage had occurred, and additional losses must be paid. Accordingly, a supplemental payment, based upon the damages claimed by the Plaintiff, was paid in the amount of over $138,000.00. In fact, nearly $140,000.00 in damage was conceded by Defendant, who paid an amount over $138,000.00, after applying the deductible associated with this particular property. However, this shows that there was an absolute agreement between the parties as to the least an amount of damage based upon the underlying hail claim that exceed $139,000.00 in this matter.

III.

As this Honorable Court is aware, the recent umpire determination in this matter articulated its belief that there was no damage at all from any hail in this case. Clearly, this is based upon a mistake, as the parties had all ready agreed that there was at least an amount of hail damage that was not only covered by the subject insurance policy, but that was approaching $140,000.00 in value. Accordingly, and based upon such mistake, it is just as clear that, pursuant to Georgia case law, that the exact types of unfairness would occur should this appraisal determination stand, that allows for the same to be set aside.

IV.

For the forgoing reasons, Plaintiff respectfully requests that Defendant's Motion to Enforce be denied, and that a Court Order from this Honorable Court vacating the present appraisal award, and allowing this matter to continue to trial.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*/s/ Scott G. Hunziker*
_____
Scott G. Hunziker
State Bar No. 24032446
Federal ID No. 38752
Attorney in Charge

OF COUNSEL:
THE VOSS LAW FIRM, P.C.
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
scott@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served a copy of on March 19, 2015, a true and correct copy of **Plaintiff's Response in Opposition to Motion to Enforce Appraisal Award** upon  all counsel of record, by electronic filing and/or United States mail, postage prepaid, and properly addressed as follows:

Pamela N. Lee
Swift, Currie, McGhee & Hiers, LLP
The Peachtree, Ste. 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309

Jeffrey D. Diamond
Law Offices of Jeffrey D. Diamond
3330 Cumberland Blvd., Suite 600
Atlanta, GA 30339
jdiamond@diamlaw.com
Attorney for Plaintiff

*/s/ Scott G. Hunziker*
_____
SCOTT G. HUNZIKER